# United States District Court
## District of Maryland

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed on or After November 1, 1987) |
| v. | Case Number: AW-01-0333 |
| ALFRED YAZBAK | Defendant's Attorney: DAVID M. RICHMAN |
| | Assistant U.S. Attorney: RICHARD A. UDELL |

**THE DEFENDANT:**

[X] pleaded guilty to counts __1, 2, 3 and 4 of the Information__
[ ] pleaded nolo contendere to count(s) _____, which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 and 16:3371; | Conspiracy; Lacey Act; | May 13, 2000; | 1 |
| 18:1001 and 18:545 | False Statements Act; Smuggling | January, 2000 | 2, 3, and 4 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN: 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
Defendant's Date of Birth: 05-13-1954
Defendant's U.S.M. No.: 36981-037
                         19741-054
Defendant's Residence Address:
930 Oldfield Road
Fairfield, Connecticut 06430
Defendant's Mailing Address:
930 Oldfield Road
Fairfield, Connecticut 06430

January 31, 2002
Date of Imposition of Judgment

_/s/ Alexander Williams, Jr._   2/1/02
ALEXANDER WILLIAMS, JR.          Date
United States District Judge

Name of Court Reporter: Gloria Williams

U.S. DISTRICT COURT (Rev. 8/2001) Sheet 2 - Judgment in a Criminal Case with Supervised Release       Judgment Page 2 of 6

**DEFENDANT:** ALFRED YAZBAK                              **CASE NUMBER: AW-01-0333**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___24 (Twenty-four)___ months as to Counts 1 - 4, all counts to run concurrently.

[X] The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be designated to the FCI at Devens, Mass. for service of his or her sentence.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ a.m./p.m. on _____.
   [ ] as notified by the United States Marshal.

[X] The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

   [X] before 2 p.m. on ___Monday, July 1, 2002___.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY U.S. MARSHAL

DEFENDANT:    ALFRED YAZBAK    CASE NUMBER: AW-01-0333

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 (Three) Years as to counts 1 - 4, all counts to run concurrently.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## STATUTORY CONDITIONS OF SUPERVISED RELEASE

The defendant shall not commit any federal, state or local crime.

In any felony case, the defendant shall not possess a firearm as defined in 18 U.S.C. §921.

The defendant shall not illegally use or possess a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
- [ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

U.S. DISTRICT COURT (Rev. 8/2001) Sheet 3.01 - Judgment in a Criminal Case with Supervised Release          Judgment Page 4 of 6

DEFENDANT:      ALFRED YAZBAK                                   CASE NUMBER: AW-01-0333

# SUPERVISED RELEASE
# ADDITIONAL CONDITIONS

1. That the defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer;

2. That the defendant shall pay a fine of $26,404.00 to the Lacey Act Reward Fund of the U. S. Fish & Wildlife Service;

3. That the defendant shall pay restitution in the amount of $23,596.00 (reduced by $7,500.00) in fifteen monthly installments of $1,073.07 jointly and severally with codefendant Connoisseur Brands, Ltd;

4. That the defendant shall submit quarterly financial statements so the Court may modify the payment schedule during supervision; and

5. That the defendant shall pay a special fee in the amount of $100.00 per count for a total of $400.00, to the Clerk, U. S. District Court.

U.S. DISTRICT COURT (Rev. 8/2001) Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release | Judgment Page 5 of 6

DEFENDANT: ALFRED YAZBAK
CASE NUMBER: AW-01-0333

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ 26,404.00 | $ 23,596.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement............ $

# FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|
| United States Government | $23,596.00 | |

U.S. DISTRICT COURT (Rev. 8/2001) Sheet 5, Part B - Judgment in a Criminal Case with Supervised Release | Judgment Page 6 of 6

DEFENDANT:    ALFRED YAZBAK

CASE NUMBER: AW-01-0333

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] A Special Assessment Fee in the amount of $ 400.00 in full immediately; or

B  [ ] $_____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] Not later than _____; or

D  [X] A Fine in the amount of $ 26,404.00 to the Lacey Act Reward Fund of the U. S. Fish & Wildlife Service.

E  [X] Restitution in the amount of $ 23,596.00 (reduced by $7,500.00) in fifteen monthly installments of $1,073.0⁻ jointly and severally with codefendant Connoisseur Brands, Ltd..

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of crimina monetary penalties shall be due during the period of imprisonment through the Bureau of Prisons' Inmate Financia Responsibility Program.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balanc shall be paid:

[ ] in equal monthly installments during the term of supervision; or

[ ] on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

[X] Joint and Several with: Connoisseur Brands, Ltd.

[ ] The defendant shall pay the following costs of prosecution and/or court costs:

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

U.S. DISTRICT COURT (Rev. 8/2001) Sheet 6 - Judgment in a Criminal Case with Supervised Release                           Judgment

**DEFENDANT:        ALFRED YAZBAK**                          **CASE NUMBER: AW-01-0333**

# STATEMENT OF REASONS
(Not for Public Disclosure)

[X] The court adopts the factual findings and guideline application in the presentence report.
**OR**
[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court (before departures):**
Total Offense Level:           18
Criminal History Category:     II
Imprisonment Range:            30   to   37   months
Supervised Release Range:      2    to   3    years
Fine Range:                    $6,000.00  to  $60,000.00

[ ] Fine waived or below the guideline range because of inability to pay.

**Total Amount of Restitution:** $ 23,596.00

**Restitution is not ordered (or only partial restitution is ordered) because:**
*For all offenses regardless of when committed:*
  [ ] Consideration of restitution not mandated by statute and not appropriate under facts of the case
  [ ] No identifiable victim has suffered physical injury or pecuniary loss
  [ ] Other (see attachment, if necessary)
*For offenses committed prior to April 24, 1996:*
  [ ] Financial circumstances of the defendant
  [ ] Disproportionate complication/prolongation of the sentencing process
*For offenses against property committed on or after April 24, 1996:*
  [ ] Excessively large number of identifiable victims
  [ ] Disproportionate complication/prolongation of the sentencing process
*For offenses committed on or after April 24, 1996 other than crimes of violence or offenses against property or relating to tampering with consumer products:*
  [ ] Financial circumstances of the defendant

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.
**OR**
[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

[X] The sentence departs from the guideline range:
  [X] upon motion of the government, as a result of defendant's substantial assistance pursuant to 5K1.1.

**Guideline Range Determined by the Court (after departures):**
Total Offense Level:           16
Criminal History Category:     II
Imprisonment Range:            24   to   30   months
Supervised Release Range:      2    to   3    years
Fine Range:                    $5,000.00  to  $50,000.00

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, a copy of the foregoing was served via First Class U.S. Mail, postage prepaid, upon the following:

Clerk,
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Kevin J. O'Connor, Esq., U.S. Attorney
United States Attorneys' Office
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
David M. Richman